**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                                     :
ELIA OVIEDO,                         :   CIVIL ACTION NO. 11-6330 (MLC)
                                     :
      Plaintiff,                     :        O P I N I O N
                                     :
      v.                             :
                                     :
JORGE BAUTISTA-LOPEZ, et al.,        :
                                     :
      Defendants.                    :
                                     :
```

**THE PLAINTIFF** brings this action pursuant to 28 U.S.C. § ("Section") 1332 to recover damages for personal injuries ("Injuries") sustained in a motor vehicle accident ("Accident") in Ellensburg, Washington, which is located in Kittitas County. (Dkt. entry no. 1, Compl. at 2.)[1]  The plaintiff names as defendants: (1) Jorge Bautista-Lopez, who is alleged to be a citizen of Kent, Washington, which is located in King County, and (2) Cecilio Cuamani Tula, who is alleged to be a citizen of Orting, Washington, which is located in Pierce County. (Id.) The plaintiff alleges that Bautista-Lopez "operated said vehicle on said occasion in violation of the motor vehicle laws of the State of Washington". (Id. at 3.)

**KING COUNTY**, where Bautista-Lopez lives, and Pierce County, where Tula lives, are served by the United States District Court

---

[1] The plaintiff designates the first two pages of the Complaint as page "1".  The Court will rely on the page designations imposed on the docket pursuant to the Electronic Case Filing System.

for the Western District of Washington.  But Kittitas County, where the accident occurred, is served by the United States District Court for the Eastern District of Washington.

**THE COURT** has broad discretion under Section 1404 to transfer an action to a district where the action might have been more properly brought.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995).

**THE ACTION** would have been more properly brought in the Eastern District of Washington, as (1) the Accident occurred, and the Injuries arose, therein, (2) the federal district court there will be more familiar with the Accident site, (3) the defendants and many of the non-party witnesses probably live and work nearby, (4) evidence will be found there or nearby, and (5) controlling Washington law will be easily applied there.  See Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (transferring action to Nevada even though plaintiff was citizen of and medically treated in New Jersey, as (1) claim arose in Nevada, (2) Nevada has local interest in determining local negligence issue, (3) Nevada court is more familiar with Nevada law, and (4) relevant evidence in Nevada); Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (transferring action to Virginia even though plaintiff was Pennsylvania citizen, as defendant ran facility at issue and accident occurred in Virginia); see also In

re Christian, 403 Fed.Appx. 651, 652 (3d Cir. 2010) (denying petition for writ of mandamus to compel Pennsylvania district court to vacate order transferring case to Virginia district court, as, inter alia, (1) not all of the defendants resided in Pennsylvania, and (2) substantial part of events at issue arose in Virginia).

    **THE PLAINTIFF'S COUNSEL** has its office in New Jersey. (Compl. at 1.)  However, the convenience of counsel is not a consideration as to the issue of proper venue.  See Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

    **THE COURT** thus will transfer the action to the Eastern District of Washington.  For good cause appearing, the Court will issue an appropriate order.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:  November 2, 2011